## COMMONWEALTH *vs.* WILLIAM WEBSTER.

In support of a complaint charging the defendant with being a common seller of intoxicating liquor on a certain day and from thence to a certain other day, evidence is admissible, in corroboration of other and positive evidence of three sales by him during the time covered by the indictment, to prove that early in the morning of the last named day various kinds of intoxicating liquors with vessels and measures were found in his house.

COMPLAINT charging the defendant with being a common seller of intoxicating liquor, on the 1st day of January 1862, and from thence to the 17th day of January 1863.

At the trial in the superior court, before *Rockwell,* J., Benjamin N. Bullock was allowed to testify, against the defendant's objection, that on the morning of the 17th of January 1863, between seven and eight o'clock, he went to a house occupied by the defendant and his family, in company with an officer, for the purpose of searching for and seizing intoxicating liquors; and that he found two jugs of beer, one bottle of rum, and two or three bottles of gin, in a cupboard, and also a barrel containing about twelve or fifteen gallons of rum, and another barrel containing about fifteen gallons of gin, three jugs containing rum and gin, and other intoxicating liquors, and vessels and measures. There was no other evidence tending to show that the defendant had made sales from any of these liquors, or that

he had ever occupied that house before that day ; but there was other evidence of sales of intoxicating liquor upon three several occasions during the time covered by the indictment, which evidence the defendant contended was not entitled to belief.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. F. Verry*, for the defendant.

*Foster*, A. G., for the Commonwealth.

METCALF, J. The complaint in this case does not charge the defendant with being a common seller of intoxicating liquor on the 17th of January 1863, but only during all a certain time next previous to that day. He therefore excepts to the admission of testimony as to what was found in his house, on the morning of that day, by Bullock. But the court are of opinion that Bullock's testimony was rightly admitted, in connection with that of other witnesses who testified that the defendant, during the time covered by the complaint, made sales of intoxicating liquor upon three several occasions. The state of things in his house, when Bullock searched it, tended to show that he had previously been a seller of such liquor. In the case of *Commonwealth* v. *Timothy*, 8 Gray, 480, on the trial of a complaint which charged the defendant with unlawfully keeping intoxicating liquor with intent to sell the same within the Commonwealth, evidence that empty vessels, which had recently contained such liquor, were found in his house, was held to have been rightly admitted to prove that he had kept it. See also *Commonwealth* v. *Tubbs*, 1 Cush. 4, and *Commonwealth* v. *Mahony*, 14 Gray, 46, that direct and positive evidence of three sales is not necessary to a conviction, but that three sales may be legally inferred by a jury from the state of things in the defendant's place of business.

The case of *Commonwealth* v. *Page*, 6 Gray, 361, cited for the defendant, is wholly unlike this. That was a complaint charging a single sale on the 12th of May 1856. And though proof of a sale on another day would have supported the complaint, (10 Cush. 69 ; 1 Gray, 485,) yet no evidence was given at the trial of a sale on any other day. The only evidence for

the Commonwealth was the testimony of a single witness that he bought liquor of the defendant's servant, in the defendant's shop, on the 12th of May. The servant testified that he did not sell to the witness on that day, and that he saw no liquors in the shop on that day. In that state of the case, evidence that liquor was in the defendant's shop after the 12th of May was held to be inadmissible for the purpose of proving a sale of it on that day.                                                    *Exceptions overruled.*